JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia as well as the briefs and oral arguments of the parties and amicus curiae. It is
ORDERED and ADJUDGED that the judgment of the district court dismissing appellant Lacy Davis Ill’s Administrative Procedure Act claim be affirmed on the ground that Davis was required to bring *333 his claim as a habeas corpus action. Under Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C.Cir.2000), a federal prisoner must bring his claim in habeas if success would have a “probabilistic” effect on the duration of his custody. See id. at 375. Davis’s claim, if successful, would increase his chances of obtaining a sentence reduction and therefore meets Razzoli’s “habeas-channeling” standard. Although having already held that a narrower standard governs state prisoners’ claims, see Anyanwutaku v. Moore, 151 F.3d 1053 (D.C.Cir.1998), we affirmed the probabilistic standard for federal prisoners in Razzoli, see 230 F.3d at 375-76. Since Razzoli, the Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), has also held that the narrower standard governs state prisoners’ claims. But because the Supreme Court has not expressly addressed whether this rule also applies to federal prisoners, and because its holding in Wilkinson rests on a reading of prior Supreme Court cases that we had already adopted by the time we decided Razzoli, see Anyanwutaku, 151 F.3d at 1055-56, the Supreme Court has not undermined Razzoli’s binding distinction between federal and state. Whether or not we would decide Razzoli differently if operating on a clean slate, we remain bound by it as a matter of circuit precedent.
Because Davis must bring his claim as a habeas action, and therefore cannot assert it under the Administrative Procedure Act, the district court correctly dismissed the action, though the dismissal should be without prejudice. See Bourke v. HawkSawyer, 269 F.3d 1072, 1074 (D.C.Cir.2001). The matter is remanded to the district court either to dismiss the case without prejudice or to transfer it to the district court for the district in which the appellant and his custodian are located. See id. (citing 28 U.S.C. §§ 1404(a), 1406(a), 1631).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed.R.App. P. 41(b); D.C.Cir. Rule 41.